IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:11cv394 |
| v. | ) ) ) | C O M P L A I N T |
| | ) | JURY TRIAL DEMAND |
| FAMILY FOODS, INC., d/b/a TACO BELL, | ) ) | |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Christopher Abbey ("Abbey") who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant Family Foods, Inc., d/b/a Taco Bell ("Defendant") discriminated against Abbey when it refused to accommodate Abbey's religious beliefs, and discharged him because of his religion, Nazirite.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3)  of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

<u>PARTIES</u>

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Family Foods, Inc., d/b/a Taco Bell has continuously been a North Carolina corporation doing business in the State of  North Carolina and the City of Fayetteville, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Family Foods, Inc. d/b/a Taco Bell has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

<u>STATEMENT OF CLAIMS</u>

6.      More than thirty days prior to the institution of this lawsuit, Abbey filed a charge with the Commission alleging violations of Title VII by Defendant.   All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     On or about April 2010, Defendant engaged in unlawful employment practices at its facility located in Fayetteville, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it refused to accommodate the religious belief and practice of Christopher Abbey and discharged him because of his religion, Nazirite.

8.     Abbey has been a practicing Nazirite since he was 15 years old.  Nazirites base their religious beliefs on references in the Old Testament to individuals who took a special vow of abstinence.  In accordance with this vow, Nazirites do not cut their hair, believing that long hair is a way of showing their devotion to God.  Abbey has not cut his hair since he was 15 years old in accordance with this sincerely held religious belief.

9.     Abbey began working for Defendant in or about January 2004.  On or about April 2010, Defendant informed Abbey that he had to cut his hair in order to comply with Defendant's grooming policy.  Abbey informed Defendant that he could not cut his hair because of his religion.  Defendant told Abbey that if he did not cut his hair, he could no longer continue to work for Defendant.  Abbey refused to cut his hair and was thus discharged.  Accordingly, Defendant refused to accommodate Abbey's sincerely held religious beliefs and discharged him because of his religion, Nazirite.

10.     The effect of the practices complained of above has been to deprive Abbey of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

11.     The unlawful employment practices complained of above were intentional.

Case 5:11-cv-00394-FL   Document 1   Filed 07/28/11   Page 3 of 6

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Abbey.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and/or their refusal to violate their religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and allowing for religious accommodation, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Abbey whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Abbey whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make Abbey whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of

above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F.  Order Defendant to pay Abbey punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

K.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of July, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TINA BURNSIDE
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

5

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
Phone: (919) 856-4148
Fax:      (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF