IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:11-cv-00394-FL

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| FAMILY FOODS, INC., d/b/a TACO BELL, | ) ) ) |
| Defendant. | ) ) |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Family Foods, Inc. d/b/a Taco Bell ("Defendant") discriminated against Christopher Abbey when it refused to accommodate Mr. Abbey's religious beliefs, and discharged him because of his religion, Nazirite. Defendant enters this Consent Decree to settle disputed claims and its entry into this Consent Decree is not an admission of liability, wrongdoing, or fault in the allegations brought. The Commission does not disavow the allegations contained in the Complaint.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion, including by failing to provide a reasonable accommodation, or any other protected category within the meaning of Title VII.

2. Defendant shall pay Christopher Abbey the sum of Twenty Seven Thousand and no 100s dollars ($27,000.00) in settlement of the claims raised in this action. Ten Thousand and no 100s dollars ($10,000) of this amount shall constitute payment for lost wages and shall be subject to applicable federal and state tax withholdings. Defendant shall make payment by issuing a check payable to Christopher Abbey. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Christopher Abbey at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Christopher Abbey.

3. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Christopher Abbey any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2010-01833 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

4. Defendant agrees to provide Christopher Abbey with a positive letter of reference

using the form attached hereto as Exhibit A.

5. Within ninety (90) days of the entry of this Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination and religious accommodation policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide accommodation for sincerely held religious beliefs; procedures for employees to request religious accommodation; procedures for considering employees' request for religious accommodation; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against religious discrimination and retaliation in the workplace. Each training program shall also

3

include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all applicants or employees who have requested accommodation based on religion at Defendant's facilities, including by way of identification each person's name, address, telephone number, position, and social security number;

    B. for each individual identified in 9.A. above, identify the specific accommodation requested, the date of the requested accommodation, and Defendant's response to the request;

    C. for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious

accommodation; and

D. for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law. The Commission may inspect Defendant's facility for the purpose of ensuring compliance with all posting provisions in this Decree without notice. If the Commission intends to interview employees and examine and copy documents, the Commission will provide seventy-two (72) hours notice by telephone to: _____.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

<div style="display:flex;justify-content:space-between">
<div>

 4-30-2012
_____
Date

</div>
<div>

_____
Judge, U.S. District Court
Eastern District of North Carolina

</div>
</div>

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff** | **FAMILY FOODS, INC. d/b/a TACO BELL, Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISION,**
**Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov

**/s/Tina Burnside**
TINA BURNSIDE
Supervisory Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
tina.burnside@eeoc.gov

**/s/ Katherine A. Zimmerman**
KATHERINE A. ZIMMERMAN
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
katherine.soles@eeoc.gov
Phone: (919) 856-4148
Fax: (919) 856-4156
N.C. State Bar No. 36393
*Attorneys for Plaintiff*

**FAMILY FOODS, INC. d/b/a TACO BELL,**
**Defendant**

**/s/ J. Michael Honeycutt**
J. Michael Honeycutt
N.C. State Bar No. 33437
Fisher & Phillips LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
mhoneycutt@laborlawyers.com
Telephone: (704) 334-4565
Fax: (704) 334-9774

*Attorneys for Defendant*

# EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Christopher Abbey.

Mr. Abbey was employed by Family Foods, Inc. d/b/a Taco Bell, from [start date] to [last date of employment]. During his tenure with us, Mr. Abbey held the position of [position]. His ending salary was $_____ per hour.

Mr. Abbey was a reliable employee who possesses excellent skills. Indeed, we valued Mr. Abbey's services to the company.

We hope that this information about Mr. Abbey is helpful to you in considering her for employment.

Sincerely,


[Typed name of company representative]
[position], Family Foods, Inc. d/b/a Taco Bell

**EXHIBIT B**
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:11-cv-00394

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **NOTICE** |
| v. | ) ) | |
| FAMILY FOODS, INC., d/b/a TACO BELL, | ) ) ) | |
| Defendant. | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Family Foods, Inc. d/b/a Taco Bell., in a case of discrimination based on religion. Specifically, the EEOC alleged that Family Foods, Inc. discriminated against Christopher Abbey when it refused to accommodate Abbey's religious beliefs, and discharged him because of his religion in violation of the Title VII of the Civil Rights Act of 1964 (Title VII). As part of the settlement, Family Foods, Inc. agreed to pay monetary damages to the aggrieved party and to take other action set out in the Consent Decree resolving this matter. Family Foods, Inc. entered into this settlement to settle disputed claims and its entry into this settlement is not an admission of liability, wrongdoing, or fault in the allegations brought.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability.

3. Family Foods, Inc. will comply with such federal law in all respects. Furthermore, Family Foods, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2014.